We will now call our second case of today, number 18-1979, United States of America, XRL Charte v. American Tutor Inc et al., Sean Burns and Michael Bavacqua. Am I pronouncing that correctly? Yes. Thank you. Whenever you're ready. Good morning, Your Honor. You can come up to the... Sean Burns from Burns, O'Hearn & Eugle on behalf of the appellant Gene Charte. Good morning, Your Honor. Your Honors, this is a case in which the entire controversy doctrine has been stretched well beyond the contours that I think were intended by the decisions of the New Jersey Supreme Court and its appellate, and appellate courts as well. There are three goals that the entire controversy doctrine attempts to satisfy or pursue. The first being a comprehensive, conclusive, just determination. The second is fairness to the parties. And the third is to have a judicial economy satisfied. What's the relationship between the so-called hard and fast requirements of the entire controversy doctrine and with the, you know, that requires like finality and privity and the like, with the seemingly more amorphous fairness considerations entertained by the district court? Well, the fairness, the fairness considerations, I'm not sure I understand... Can I conclude that the state court dismissal was not final as to the FCA claims, yet nonetheless hold that the FCA case precluded, is precluded in the interest of fairness? I'm not sure how the court below got to the idea that that was a fair conclusion based upon the fact that if you look at all the cases that are out there, none of them involve a situation where there was stipulation of dismissal without prejudice. And that the parties who signed off on that dismissal, which that agreement specifically says the case can be reinstituted, the parties who signed that agreement knew what they were doing. The cases cited by the appellee here all involve situations where, and I speak specifically to the Detrolio case, that stipulation of dismissal without prejudice, the parties that were burdened or disadvantaged by that stipulation were not in the case. Here, the parties that signed the stipulation were in the case. So in terms of comparing this case to Detrolio, which is relied upon by the appellees, I don't think it's a fair comparison for that reason, number one. But in terms of fairness, I think it's important to focus on the context in which Ms. Sharp found herself, and me as her attorney found myself. The case that she had in state court was not a case she started. This is a case that was started against her. It was pending at the time that she filed her False Claims Act. None of the cases that are cited anywhere involve someone who's a relator, key term relator, who's a defendant in a case, who's being now, according to the interpretation, forced to amend their counterclaim in a state court case to bring a federal key term case. Now, that practically, I'm not sure how that would have worked, but just in terms of fairness, she's bound by a seal that's still in place at that time. She can't disclose the existence of the case, and as we know from events that occurred there. And she tried to lift the seal, did she not? We tried to lift the seal. There's a number of things we tried to do. We tried to get at least guidance or assistance from the U.S. Attorney's Office, because they're benefiting from all this. As we now know, they're investigating civilly and criminally. They ultimately, several years later, decide to get a plea agreement for tax fraud. But at the time, they're pursuing these fraud claims related to the supplemental educational services. But that guilty plea is based on tax returns from 2000 to 2000, 2009 to 2012 for the corporation, 2010 to 2013 for the individuals. So by protecting that seal, as my client is doing, she's allowing that investigation to continue, that ultimately results in a guilty plea with $2 million getting paid before he's even sentenced. They got the benefit of that, thanks to my client. So in fairness to her, she's bound by and abiding by that seal, and she's now being penalized for having done that because the court's saying, hey, because you didn't bring this up and raise this issue, even though we did, I mean, we raised it with the district court, it was a difficult situation. How do you do it without notifying everybody involved? So I did what I thought was the best possible alternative, which was to say, okay, judge, I've got this dilemma. I'm filing it with you because it's under seal. I can keep it under seal with you. Can't do that in the state court. I guess I theoretically could have filed- Why not? You could have done all this in the state court, right? Isn't that part of the trouble here? The entire controversy doctrine applies to counterclaims, and your counterclaim was sort of half in the state court and then brought as an initial action, the key tail action in federal court, and that put you in a tough position vis-a-vis the entire controversy doctrine, did it not? I think you're on a couple of things. First, I can't find a case where a relater is being compelled to make her false claims case in a state court as a defendant, as part of a counterclaim. But putting that aside, let's assume for a second that's a possibility. Obviously, there are practical concerns with that because now her case as a relater is really on behalf of the United States. The United States now is being forced to come into the state court as a defendant, as a counterclaim in the state court. And then once you do that, if we're successful, okay, we do it under seal, I guess, somehow don't notify any of the other parties, which by the way, included two co-defendants who have nothing to do with the employment relationship my client had. So we somehow amend that counterclaim, but what do we do then? Are we somehow frozen without disclosing to wait for the federal court seal to end? But, you know, that's a partial answer, I think, to Judge Hardiman's question because maybe there aren't any cases, although there might be a Sixth Circuit case that I'll mention to you in a moment, but there is a statute. It's 31 U.S.C. 3732A that provides that a false claims act action, quote, may be brought in any judicial district in which the defendant resides or transacts business, close quote. So why not bring it in the state court? Well, I think to the facts of this case specifically, I would, I would point out this. If you look at the complaint that was filed in state court by the, by the employer, all of the facts are post-termination. It's you're defaming us, you're interfering with our business, her going out and going to the state of New Jersey and saying they're violating, they're engaging in fraud, going to the federal government saying they're gauging a fraud, ultimately getting investigators interested who take the case. All of that is post-termination. But you, but you also filed counterclaims, right, for defamation and whatnot as well in the state court. So, you know, the Sixth Circuit case I'm thinking of is United States v. Chrysler Group, LLC. Now it's not a published opinion, it's 571 F Appendix 366 from 2014. But basically it's saying that courts are unbothered by the complexity of litigating a sealed False Claims Act claim alongside an unsealed state claim. I did not see that case. Well, it's, it's, it's not published. So, but you do, what about the, the statute? Well, I guess they're not bothered by it. I don't know what that means though, what it means you can do it. If you can do it, again, I guess go back to practically what that would mean here. I've still got a sealed case. So, I can't in any way let the parties who are still being investigated for tax fraud and other things know that this is ongoing, thereby impacting that investigation. So, I guess theoretically you could do it. I don't know how that would work. But back to my point, it wasn't just on the difference between the two cases. If you look at two counts have nothing to do with post-termination. It's all pre-termination say, I observed this as I was, I was an employer. They took money that they shouldn't have from the government. That's a violation. But if you look at this case from 10,000 feet, it's this quote, same transaction or series of transactions in that there's alleged overbilling by American Tudor. That's my client's FCA claim. The state court claim has nothing to do with that. The state court claim is all defamation. My point is that under that first goal, comprehensive, conclusive determination, these are two different cases. The facts are on you. It's not the same transaction. But the problem is that if they had known about the federal claim, it would not have Nobody wanted to consolidate these cases more than me. I took an FCA case and got stuck defending for two and a half years, a state court case that had nothing to do with the FCA claim. Well, when they settled, they thought that we're settling all claims for, for good, forever. We're done. And all of a sudden, I disagree, your honor. That is not what that settlement says. It says it's a, it's a dismissal without prejudice. It's specifically envisioned because, because of the statute of limitations that really in effect becomes with prejudice, doesn't it? And they knew that it's not like they, they took 10 plus depositions. They litigated this case to death. My client's a defendant. It's fine to say she has a counter claim, but in reality, we're just fending off this attack on her throughout that state court litigation. So, uh, it, the, the idea that we could have somehow notified them in fairness to so they, with their eyes open, they went in with their eyes open. By the way, I interrupted in the middle of your question. You want to finish answering Judge Fuente's question? You started to, you wanted to finish? Uh, I, I, honestly, I forgot the question. All right. And it had to do with the settlement in the final state. Had they known that there was this case pending, they may, either the settlement terms would have been different or they might not have settled at all. I would have happily, last thing I wanted was to litigate both these cases. One was tough enough. I didn't need two. I had two that I'm writing to the U.S. attorney, please help me. How do I resolve the situation? I write to the court, I make a motion, flag it with the court. What, what did the U.S. attorney tell you in terms of, uh, whether you could unseat him? I can't give you any advice. Can't give you any advice. And I made, I made that request in writing in 2011 and they said, sorry. Why did it take the government seven years to resolve all this? I can't get inside. I, all of my conversations with them throughout were, we're almost there. It's looking good. We hired more people. We expanded into other, uh, jurisdictions in terms of the boards of education. What I believe happened is at some point, maybe it was a change of personnel or something, but they realized we've got these guys on tax fraud. We've got them dead to right on tax fraud. We can, we can get $2 million in restitution from them. That's the low hanging fruit. Let's take that. In a conversation I had with the civil division, they told me, look, we don't really see the benefit of pursuing this case because we think they're never going to be able to pay because we just took $2 million from them in this criminal case. So I just think they said, and that's why they haven't, it's not like they decided this case has no merit, which I take great issue with the argument in the brief that it had no merit. They just made a calculated decision to say, you guys keep going. We still want to get the briefs. We still want to have our right to take a piece of whatever you get, but we've gotten a $2 million tax criminal guilty plea from these folks. So they were not interested in pursuing the claim, but I gather you still are. Absolutely. I've been interested since 2010. I've been trying since 2010 to bring this case into court. And counsel, the facts are a little unusual or atypical. So I think it's understandable how you, through no fault of your own, could sort of feel whipsawed between the federal-state dichotomy. You obviously tried to consolidate, but you can't consolidate a federal and a state case. Having said that, aren't you, in essence, asking this court to create a keep-tan exception to New Jersey's entire controversy doctrine? And the reason I ask it that way, I think we all need to agree, perhaps you don't, but I think you would agree, you could have brought this in state court. With the benefit of hindsight, it would have been better had you brought it in state court because you wouldn't have suffered the dismissal on the entire controversy doctrine. So aren't you really asking for a keep-tan carve-out or exception to New Jersey's entire controversy doctrine? Your Honor, I think it's equivalent to that, but with this caveat. In a situation where the plaintiff has not, where the keep-tan relater is not a plaintiff, where they're a defendant, and they've not chosen to be in that venue because they've been dragged into court on a claim that they have to defend and make whatever compulsory counterclaims they have to make. And when it's here on these facts, where the claim that's made against her is conduct that's after her termination, and her claim, again, in the keep-tan case, is one that's based on the violations of the keep-tan statute which predate her leaving that firm, that in that circumstances, again, as a defendant who is being compelled to file a counterclaim, the practical differences, and if you look at the case law in this, it talks about administrative manageability of a decision in an entire controversy claim. Given all of that, that the U.S. attorneys are now, when clearly the Federal Claims Act statute envisions federal court, it may not say exclusive jurisdiction. I wish it did. It probably should have. But here we are where it doesn't say that. You can't drag all of that, U.S. attorneys, investigation, seal, all of those things into state court and say, you have to bring it here. I think that is an exception. I think in that circumstance, if she had brought it, and the claims, like some of these other cases jam, where the claims are, you breach your duty of loyalty, misappropriation, trade secrets, things that happen while she's employed, that's a little closer call. But here, it's different facts, different claims. She's a defendant. Shouldn't all of that coming into the state court as a false claims act, as a counterclaim, where there are two co-defendants, two co-defendants. Wait a minute. Could you put it more simply? Is it your view that you could not have referenced the federal key tamp case in state court because it was under seal? I would have had to go to the judge in a sealed motion, I suppose, hypothetically, and say, I got a problem. I want to bring this key tamp case. It has to be done under seal. I have to notify the U.S. attorneys. I have to notify New Jersey Attorney General, all those things. I can't tell the other parties, including my two co-defendants in the case. So I'm bringing it here and then what? I guess that's my, but then what? What do you do then? You did, you did speak to the U.S. attorney and the U.S. Multiple times. And their response was? We can't give you advice, even though I'm pursuing a claim on their behalf. It sounds like they don't care one way or the other, whether you present that case in the federal court or not. They cared because when I did finally try, when I tried, I filed that motion to unseal it in 2012, they opposed it. They absolutely, we had an order show cause where Judge Cooper said, bring me cause and show me why I shouldn't unseal this case. In the meantime, I got a trial date with the state court case. I did the best I could. It's okay. And what was their reasoning for opposing the motion? Well, when they filed an opposition. They still had another five years left in their investigation. They, this was a good case. I mean, the idea that this is like some unmerit, you know, no merit to this. They hired more people. This was a good case. They touted the tax fraud prosecution and guilty plea and thanked the investigators from the department of education. So this was a meritorious thing. They just needed more time. They fought to have more time, encouraged me to give them, my son was sitting back there, had multiple meetings with them, helped them prepare the spreadsheets, did everything to set up their case for them. And, and then they decided to go with the criminal. So your, your best explanation for the avoiding the entire New Jersey's entire controversy doctrine is what I could not have. It doesn't fit here. It's the pole star is fairness. How can you satisfy that fairness requirement when we're bending over backwards to figure out a way to somehow compel her to bring what is really a federal claim in as a counter defendant, where there's multiple defendants against the plaintiff, where you can't tell them that you have this investigation and there's a seal. I mean, that's not what the entire contract doc, entire contract doctor was about. It doesn't, it doesn't make sense to me. It's, it was, it was supposed to be a case that protected against manipulation, playing games, all these cases, they're playing games. I'll settle into trolling with these defendants, but I'm going to specifically carve out an exception for those guys who aren't in the case and then go after them. That's not what we have here. It's not like the J and M case out in California either. We, we, we, we tried and the fairness, uh, the one who's harmed the most is my client who's still after almost nine years is trying to get her case heard on the matter. Thank you. We'll get you back. Mr. Bavacqua. Good morning. My name is Michael Bavacqua and I represent the appellees in, in this case. Uh, Judge does apply to counterclaims and also that what the, uh, appellants in this case are really asking for is a quitam exception, um, to the New Jersey's entire controversy doctrine, because if there is no quitam exception and you apply the requirements and principles of the entire controversy doctrine to the undisputed facts of this case, these claims are unequivocally barred. What do you do with the federal action that's under seal though? I mean, isn't that the problem? Yes, the entire controversy doctrine does apply to counterclaims, cross claims, et cetera, but if the quitam claim is under seal, it's under seal for certain reasons and isn't that what brought in federal court in the first place? That's a different story. I mean, the choice that was made by counsel and it was not necessarily a bad choice. If you have, uh, different jurisdictions in which the same claim can be presented. But there is no choice at that point in time, Your Honor. Uh, the state court had concurrent jurisdiction. There's litigation going on between the parties, which, uh, Ms. Char said in pleadings, uh, you know, and it's right in the court's August 3rd, 2012 order denying the motion to consolidate because you can't consolidate. Do you agree with what appears to have been said by the district court and also today by your opposing counsel that in effect the poll star with respect to the entire controversy doctrine is fairness? Yes. And judge here said that it was unfair to you to know, not to know that there was something going on for X number of years, a long time, right? That's correct. And, but let's turn it around a little bit. I'm sympathetic to that, but isn't the blame for the length of time that isn't that really on the government, not on you, not on the other side. It's not, Your Honor, because there was really no effort to limit the government's, the government's investigating what it believes to be a good action. And in fact, it results in monies recovered. So on different claims, different, different charges, it resulted in, in, uh, monies being recovered, restitution of $2 million on tax fraud and tax evasion. But the government wouldn't allow the case to be, uh, they took seven years and they wouldn't allow the case in the meantime to be unsealed. So why should Ms. Sharpe suffer the punishment of being claim precluded just because the government took too long to unseal the case? Judge, I don't think it's accurate that the government refused to lift the seal because there were no efforts to lift the seal. Your opposing counsel said that he did make efforts to lift the seal. Well, the, the docket in the QUITAM case says something different. In, uh, the QUITAM action was filed in June of 2010. The 60-day seal under the statute would have been lifted in August of 2010, but there was an agreement. You're saying that Ms. Sharpe did not try to lift the seal at all? No, she filed a, like I said, QUITAM action was filed in, in 2010. In January of 2012, she filed a motion to lift the stay, but subsequently agreed to a continuance of the stay. That's 2012. The next motion that's made to lift the stay and unseal the complaint is in August of 2017, five years later. Mr. Kessel was just here just a couple of minutes ago and said he had made various contacts with the U.S. Attorney seeking to unlift the seal. Well, there's no motions made to lift the seal. No, he wouldn't go to court and make a motion to lift the seal, but he had communication with the, according to Mr. Kessel, various communications with the U.S. Attorney that he sought permission to lift the seal and file a claim in state court. Judge, but there's... And the U.S. Attorney's response was do what you want. Right. The judge, there is a motion that can be made to lift the seal and lift the stay. That motion, when it was finally made and held until adjudication in 2017, was granted. But if you want to be the relator in a case and you want to jump into the driver's seat, you got to drive the car, especially if you're litigating claims, which Ms. Chart, by her own words to the court, says... She's not driving this car? Not driving the car. No. What exactly does that mean? It means that... You're saying she was deferring to the government and letting the government pursue the investigation rather than pursuing the litigation actively, which is typical in a key TAM case, right? Well, we're litigating, hotly litigating for three and a half years in state court, claims that arise out of the same facts of the same party. And Mr. Byrne, when he was arguing before, he basically told the story. To Ms. Chart, the state court action was all about fending off an attack and avoiding an adverse determination, doing what was needed to be done to get rid of those claims arising out of the same facts while preserving her economic interests in a key TAM action that the defendants in this case knew nothing about. That's not fair. Not fair. You had to know that a whistleblower who got terminated from her job is quite likely to file some type of key TAM action. That's how it's done, right? No, I don't think so. I think that key TAM actions are relatively unique and rare. Certainly, every wrongful termination case doesn't result in a key TAM action. She sees a violation of law, what she perceives to be. She tries to get it rectified. It's found out that she is involved in this. She gets terminated. You sue her for defamation. She counterclaims. But her real claim would seem to be, if there's going to be a recovery by the government for her bringing this to the fore, a key TAM action. It's under seal. It is, Your Honor. Let me just back up for a second. If the key TAM counterclaim had been filed in state court in the first instance, or if the key TAM claims had been filed in a separate state court action under seal, that could, in fact, have been consolidated with the other state court action, then we probably would not have... How would she do that, though? The key TAM case was under seal. And it belongs to the government. No, but it was under seal in the federal action, but she didn't have to bring it there. But she did. But she had to, Judge, bring it in the state court under the circumstances. Under what legal principle is she talking about? But if there is an impossibility of performance, in other words, she would have to disclose that there is a key TAM action pending. What's the point? Because the key TAM action is kept under wraps for certain reasons, and that's what happened here. But she wouldn't have had to disclose it. She could have filed the counterclaim for the key TAM counterclaims under seal in the state court action, or she could have filed a separate state court action for false claims. The key TAM action had already been filed. It was filed, was it not, before the settlement agreement? Yes, it was filed, but it didn't... There was no reason for the delay. Now, what you're asking for had already been filed. So your point is that she should have notified or brought to the attention of the state court that there is a key TAM claim pending. No, she should have brought the key TAM claims in the same action or state court action that could have been consolidated. The entire controversy doctrine says that parties need to bring all claims that they have against each other arising from the same transactional facts in the same case. She was obligated to assert those key TAM claims in the counterclaim. Whether it was her initial counterclaim in October, excuse me, January of 2009, whether it was an amended counterclaim at some time thereafter, including June of 2010. And if counsel determined that there was a counterclaim couldn't be filed under seal, and that was an impediment, then the key TAM claim should have been filed in a separate state court action that could have been consolidated in order to avoid fragmented litigation. So now we're asked... Now we're in a position where the appellate is saying, well, what did you want us to do? We filed the key TAM action in federal court and it was under seal and we consented to an extension of the seal and it stayed under seal for virtually forever. But we're not there in that situation if she did what she had to do, which was file the key TAM action as a counterclaim in the state court action. No one has pointed to anything that precluded her from filing that under seal in the state court action or for filing key TAM claims in a separate state court action under seal. That she made a choice to do something. When you say under seal, once she files it in the state court, you would know about it, wouldn't you? No. As Mr. Byrne said, he could have taken the counterclaim to the judge under seal and asked for instruction. If you would have known about it, what's the point then, whether it's filed in state court or in federal court? Because... How would it have affected the settlement? Because in the circumstances when there are impending deadlines coming up, which Ms. Chart said, there was a trial date of February 6, 2012. There was a motion for summary judgment dismissal of her counterclaim and she wants to conclude the state court action, but she's concerned about the preclusive effect of that conclusion. Under those situations, you have two options. You have a judge who understands that there's another claim that's filed under seal, so they're not going to be driving you to trial and it can be dealt with and is more likely to be unsealed. In the alternative, you know, you can move to consolidate. Mr. Byrne moved to consolidate right before they entered into the settlement agreement. How can you move to consolidate when the government's saying you're not allowed to unseal? The same way Ms. Chart moved to consolidate in the federal court action, but you couldn't consolidate the case. The court didn't rule on that, did it? It ultimately did rule on it. After everything was over. No, not... The court made a decision on that motion on August 3, 2012, where it says that it can't consolidate state and federal action and it denied the portion of Ms. Chart's motion to bar application of the preclusion documents to uh, Ms. Chart filed or allowed the consent or dismissal in the state court action to nevertheless be entered. The concern I have is that if we rule in your favor and we hold that the FCA claim is precluded, aren't we setting a precedent that a potential FCA defendant may smoke out, if you will, a KTAM case by suing a possible relater for an unrelated claim like defamation and then quickly settling? And but by smoke out, Your Honor, do you mean compel the bringing of that claim? Either that or find out if it's one has been brought. Um, not, not, not necessarily. It's um, I don't think that it's, it's, it's practical or realistic to think that uh, an employer who is uh, you know, potentially thinks that they have KTAM exposure is going to assert claims against an employee, bring conduct to the forefront, force discovery just to smoke out a KTAM claim. And I don't really think it matters that the defendant in that case, the employee, would be required to, to bring a compulsory counterclaim of uh, for, for KTAM or uh, false claims act violations. Does the entire controversy doctrine have a privity requirement? In, in terms of, of what, Your Honor? In other words, is it that the parties be in privity? Keep it confidential. No, I, I, parties, right? I think I know what Judge Ambrose is driving at. I have the same concern. You need identity of parties between the two cases and why are there identity of parties here uh, when you've got the government in the federal case and you don't have the government in the state case? It's, that's where I'm heading. Yes, it's the same uh, it applies to the same or related uh, parties and, and this uh, exact situation actually came up in uh, Southern District of, of Texas case that we cited in our, our brief. It's the Paul case uh, which was affirmed by this, the Fifth Circuit and, and the court expressly held in that case that there was no issue with regards to privity uh, of parties because the government uh, opted not to intervene in the Quitam case. So how, I guess the question, question is how can a state court dismissal without prejudice between two private parties, Chard and American Tudor, preclude an FCA claim that belongs to the government? Um, well first Judge, and, and you touched on this earlier, um, the without prejudice dismissal is in, is in name only and the reason there's a without prejudice dismissal is because of the asymmetry in knowledge at the time that, that um, settlement agreement was, was... But my question to you is how can a state court dismissal between two private parties bar an FCA claim that belongs to the government? It's, it's, that's not barring an FCA claim of government, it's barring uh, the claim uh, to be prosecuted by Ms. Chard as the relater in the claim. As, as uh... You concede, you concede that the government, you concede that the government could have gone forward here. The government has, has stepped aside presumably because they got their two million pounds of flesh in the tax prosecution. But you concede, do you not, that the government has every right, it could have gone the other way and it could have prosecuted this FCA claim if it had chosen? Yes, there's nothing precluding the government from prosecuting the claim if it, if it decided to go, to go forward with it. But as uh, U.S. Attorney LaBruna um, stated in his, in the oral argument of um, Ms. Chard's motion to intervene for a limited person, purpose and for a relater sharing the criminal action, you know, at the time that motion was is not the plaintiff in that case until such time as it, as it determines, it decides to intervene and, and intervenes. So um, we have privity of parties for purposes of application of, of the entire controversy doctrine to bar um, Ms. Chard's non-intervened claims as, as the relater here. You, you said um, before when, I just want to clarify that yeah, it was Ms. Chard's obligation to bring to the court's attention under the entire controversy doctrine, the fact that there was pending a QITAM case. Is that accurate? It, it was, she had to bring to the court's attention that there was a pending QITAM claim. Is, is that right? Are you, are you saying that she had to bring it to the state court's attention that there was a pending QITAM? Yes. I thought that that was your view. No. My position is, our position is that she had to file the QITAM claim in, in state court. I see. She didn't need to bring it. She had to file it. Yes, she had to bring that as, as in essence a compulsory counterclaim. And, but you, you said also, if I'm not mistaken, that you would not have known about it. You would not have been privy to that. Is that correct? That counterclaim could have been filed under seal in the state court action, or it could have been filed as a separate state court action that could have been consolidated. Again, at the end of the day, you know, you look at the, the, the procedures that are available to prevent fragmented litigation and to protect everybody's interest and, and, and, you know, result in one resolution that brings the party litigational peace. No, I agree with the underlying rationale of the entire controversy doctrine. I don't know if this certainly would be an exception or not, but if you would not have known about it, if it was under seal, we, were you prejudiced in any way? Yes, we were, we were prejudiced by it in the sense that, you know, the, the other claims in the state court action could not have proceeded to the brink of adjudication by summary judgment or trial with these deadlines if there were other claims under seal, uh, in the, in the same action. Those claims would have had to be state at some point. The, the, the Quee Tam complaint claims could not have remained under seal like they did in the federal action, uh, in the state court action. They would have had to be unsealed and everything, the existence of the complaint would have had to be made known and the case, entire case would have had to be state. That seems to be, whatever prejudice you're talking about, very minimal compared to the prejudice that she suffered by being claim precluded just because the government took too long to unseal the case. But, but that's not true. She wasn't, she's not going to be claim precluded just because the government took too long to, uh, pursue the case. She is going to be- Well, actually, actually, yes, because it could have been settled very quickly had it been settled quickly before the state court action, uh, would have reached the conclusion. So she wouldn't have been, uh, prejudiced. She wouldn't be precluded if she brought the claim where she was required to bring the claim in, in the first place. And she wouldn't be precluded- Which was where? In the state court. But she had a choice. Judge, you, you, you don't have a choice where to file when you are engaged in litigation in one form. That choice went out the window. She filed a counterclaim- But we had- I don't know how you, I don't know how you can make that argument. She, she had an option to file the key TAM action in federal or state court. So I don't know how you can criticize her for doing that. Um, I, I thought your better argument is she didn't need to sign a settlement agreement that said you preserve your right to argue that the entire controversy doctrine protects you in the event something like this was lurking out there that you didn't know about. Isn't that really, isn't that really your argument? Not that she made some sort of legal error in, in filing in federal court. And in fact, had this settlement agreement been negotiated differently, uh, perhaps there would have been language included in it, preserving her right to continue forward in federal court, right? Well, judge, that's, that is, that is part of it. I am arguing both things, but the flip side of that argument is, you know, she didn't have to, um, enter into the settlement agreement, concluding the state court action in entering into a settlement agreement that preserves, um, you know, the preclusion doctrines for new claims or refiled claims. Um, you know, but she did, and she did that with knowledge, full knowledge of the risk that concluding the state court action, uh, you know, could have a preclusive effect on claims, which is documented, you know, in numerous submissions by her counsel. So she, with full knowledge of the risks and specifically the risks that these claims could be barred by the entire controversy doctrine, did a cost benefit analysis. It was a calculated knowing decision that she made to quote unquote permanently fend off the attack against her in the state court action, avoid an adverse determination of her counterclaims, um, and avoid the economic exposure of an adverse determination on American Tudor and the Wegler's affirmative claims against her. She benefited from that settlement and conclusion of the state court action, which came after three and a half years of litigation. All the while, everything that's coming in in the litigation, depositions, transcripts, answers to interrogatories and any other information is being sent off, um, to the government for use in investigation of the unknown, uh, you know, CRETAM claims. So at the end of the day, she, she chooses to enter into, um, this settlement agreement with an asymmetry of, of knowledge. She gets an unfair advantage. The Wegler's and American Tudor's claims against, um, you know, mischart, which arose out of the transactional facts are gone for good because you have a preservation of the statute of limitations, defenses, and, um, entire controversy doctrine. Yet her economic, she's targeted them for an economic recovery in the pending CRETAM case that nobody knows about. And she avoids the exposure here, but it's still able to preserve her economic benefits on the other side in CRETAM. And, and that is what, uh, Judge Thompson said was unfair. Um, the, the district judge was in the trenches on this, you know, from, from the beginning. District court had the CRETAM action in federal court. Judge Thompson took over for Judge Cooper and ultimately decide our summary judgment motion. Judge Thompson presided over the criminal proceedings against, um, Jim Wegler, defendant in this case. Judge Thompson heard, uh, Ms. Chart's, uh, motion to intervene in the criminal action for a limited purpose, uh, and for a related share of the restitution on the tax evasion. Um, it's the district judge who developed the, the flavor for the parties in this case, the claims in this case, the party's motivations in this case, um, you know, the judicial resources that had been expended to date and would need to be expended, uh, going forward, the government's demeanor and attitude, uh, in this case. In 25 words or less, what is your theme? What is my theme? 25 words or less. Is that the, the district judge was in the best position to evaluate the, the application of the equitable, entire controversy doctrine, the fundamentals of fairness to the unique facts of this specific case, and that's the way the entire controversy doctrine is supposed to be applied. Thank you. Any other questions? Thank you. May I please report just on that developing the flavor comment. Uh, let's just remember that these cases just never got off the ground. I mean, we filed a sealed complaint. There was no discovery. There's never even been an answer filed in that case. So while obviously due deference to the district court judge, she's really in no better position than this court to determine these issues because there really was no proceeding. Um, as far as, um, concern that we're establishing a certain doctrine or sub doctrine of the entire controversy doctrine, what the court would be doing by denying this appeal would be extending the entire country to controversy doctrine. You're right. Galeen decision makes clear that there's got to be a decision on the merits. There was never a decision on the merits here. None of the cases cited in any of the briefs are equivalent to what we have here, which would mean when there's a stipulation without prejudice by the parties who are claiming the prejudice that that is now enough to extend its entire controversy doctrine to that. That's not helpful. Counsel, uh, doesn't detrolio say that that's just a factor settlement or dismissal without prejudice is a factor that courts consider? Yes, your honor. And I agree. It's a fact. It's a factor that weighs in your favor, but I'm pushing back a little bit on you because what I just heard you say is by citing our case, um, that it's dispositive and I don't see it as dispositive. I see it as a factor in what appears to be a relatively, um, indeterminate equitable analysis of fairness here that the trial court has to undertake. I would think I would. What I think is that the court has repeatedly and multiple and the state courts as well said there has to be a decision on the merits. So a decision against my client here would be equivalent to deciding that in this situation, where parties entered into a stipulation without prejudice, that clearly does not stop anyone from bringing a case back into the courts, that that is now a decision on merits. That's the concern I have that that is goes beyond castle on the trollio Archbrook in the state court. All those cases don't get that far. This would go a step further. And, uh, I think it's in the Crispin case. Justice O'Hearn says this doctrine, you go in steps, you take it in steps because of concerns over fairness. I think this would be a step too far. Um, and, and, and the FCA statute on the issue of where you can bring this case. It specifically says the plaintiff may bring it in the federal court, but this decision would now say you can't, you can't bring it to federal court. You'd have to bring it in in the state court as a counterclaim. And as I said, while theoretically concurrent jurisdiction. Okay, I get that. But realistically, there's not a single case reported in New Jersey that I could find of a key Tam case being decided by a state court, let alone a defendant with other co-defendants doing what has been recommended here. So this would be extremely unusual. Um, again, it was stated. It's the same facts in the, in the key Tam in the state court case, completely different facts. I would encourage the court at the joint appendix, page 26, 27, uh, look at what is alleged in the state court case. All, all defamation post-termination, the FCA cases, all violations. That point was made in your brief. Um, and that, um, if the court really has concerns about prejudice, theoretically, and I, I, I hesitate to even bring this up, but these, these defendants have. If you both agree that the pole star is fairness, how does the, what about fairness tips the scale your way? Well, I, I think I, I've cited before that all, all of the, the challenges associated with my client facing the seal, the fact that by protecting the seal, she protected the rights of the U S government, not her. I mean, they're talking about economic, not fairness. She's protecting the rights of the U S government, which were ultimately fulfilled. Um, that there's cases all say she should have the right to have a full opportunity to litigate her claim. She's not going to get that right here. She was, we were forced to try to negotiate a settlement that would keep the claim alive because we can't disclose. We'd love to consolidate the case. I couldn't do that. So in 25 words or less, what is your theme? Well, I would just like to point out here on that. Theoretically, these defendants could take the position that if they really feel that they're being prejudiced, they should, when they file their answer in this case, God willing, they should file an answer and make whatever the claims were in the state court case and let the court resolve whether they should benefit as I would from the toll. All right. So now, now in 25 words or less, what's your thing? Okay. My theme, your honor, is that the entire controversy doctrine was never intended to extend this far that the current cases in New Jersey and the cases in the third circuit don't extend it this far. And that by agreeing that a stipulation of dismissal without prejudice in a sealed key case that requires a, a, a, a relator who's a defendant. You, you, you, you've nailed about 70 words. I've exceeded it. All right. It is, is well beyond what was anticipated by the entire controversy. All right. Thank you. Thank you very much. Appreciate the extra time. Thank you.